UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>        Plaintiff,<br><br>      v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 5:25-cv-03931-PCP<br><br>**ORDER DENYING MOTIONS**<br>Re: Dkt. Nos. 25, 26, 27 |

Before the Court are plaintiff Nick Miletak's motions to (1) strike the Court's judicial notice of his prior litigation history in its July 11, 2025 order, Dkt. No. 27; (2) disqualify the undersigned judge, Dkt. No. 26; (3) and alter or amend the Court's prior order denying his motions for a preliminary injunction and summary judgment, Dkt. No. 25. For the following reasons, each of the motions is denied.[1]

**I.    Miletak's motion to disqualify the undersigned judge is denied.**

Miletak moves to disqualify the undersigned judge from the above-captioned matter pursuant to 28 U.S.C. § 455(a) and (b)(1).

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(1) provides that a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Miletak argues that the Court's reference to his litigation history in its July 11, 2025 order

---

[1] Defendants filed a motion to strike Miletak's declaration in support of his motion for reconsideration. Dkt. No. 31. Because the Court does not rely on that declaration in resolving Miletak's motion, the motion to strike is denied as moot.

both reflects judicial bias and creates an appearance of prejudgment of his claims. He believes the Court drew improper judgments about his character based on his litigation history. That is incorrect. As explained below, the Court's judicial notice of the public fact of Miletak's participation in litigation was proper. The Court adjudicated Miletak's motions on their merits. Any "reasonable person … who is [not] hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer" would not question the undersigned judge's impartiality based on the Court's prior order. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Therefore, Miletak's motion for disqualification is denied.

## II. Miletak's motion to strike is denied.

Miletak moves to strike the Court's judicial notice of his prior litigation history in its July 11, 2025 order denying his motions for a preliminary injunction and summary judgment. He argues that the Court made improper inferences about his character, credibility, and legal capacity based on that litigation history.

As the Court explained in its prior order, Miletak's litigation history is judicially noticeable pursuant to Federal Rule of Evidence 201 because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and it is "not subject to reasonable dispute." Pursuant to Rule 201, the Court may take judicial notice of "matters of public record" as long as those matters are undisputed. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). In its prior order, the Court took judicial notice of the fact that Miletak represented himself in various prior lawsuits. That fact is not in dispute. The Court cited Miletak's prior experience as a pro se litigant to illustrate its explanation that inability to pay for counsel does not equate to inability to participate in litigation. The Court did not draw any conclusions about Miletak's character or the merits of his claims based on his litigation history.

Because the Court's judicial notice was proper, Miletak's motion to strike is denied.

## III. Miletak's motion for reconsideration is denied.

Miletak moves for reconsideration of the Court's prior order denying his motion for a preliminary injunction and summary judgment pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) allows a party to move the Court to "alter or amend a judgment no later than 28

days after the entry of judgment." "[T]here are four basic grounds upon which a Rule 59(e) motion may be granted: (1) … to correct manifest errors of law or fact upon which the judgment rests; (2) ... to present newly discovered or previously unavailable evidence; (3) ... to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources …. Indeed, a motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Litvinova v. City & Cnty. of San Francisco*, No. 18-CV-01494-RS, 2022 WL 4181006 (N.D. Cal. Sept. 12, 2022) ("Plaintiffs must satisfy a high bar to prevail on [a] motion for reconsideration, regardless of whether they rely on Fed. R. Civ. P. 59(e) or 60(b)."). The party moving to set aside judgment bears the "burden to establish a basis for reconsideration under Rule 59(e) or 60(b)." *Yould v. Barnard*, 2018 WL 4300523, at *2 (N.D. Cal. Sept. 10, 2018).

Miletak makes several different arguments as to why the Court should reconsider its prior order. Most of these arguments simply restate the points he made in his motions for a preliminary injunction and summary judgment, which the Court rejected. Disagreement with the Court's decision is not a ground for reconsideration under Rule 59(e). Miletak raises three additional arguments: (1) the Court improperly inferred legal capacity from his litigation history; (2) the Court took improper judicial notice of his litigation history; and (3) the Court misapplied California law by requiring a formal insurance claim to trigger insurer's duty to investigate. For the reasons stated above, the Court rejects the first two arguments. Miletak's third argument is that his phone call to the defendants on February 4, 2022 was sufficient to put them on notice of his claim and that the Court erred in not recognizing it as such. But, as the Court explained in its prior order, "even if that call were sufficient to constitute notice, it did not occur until more than a year and a half after the commencement of the malicious prosecution lawsuit against Miletak." That delay caused prejudice to defendants, for the reasons discussed in the Court's prior order.

Miletak has not shown any grounds to justify the "extraordinary remedy" of reconsideration pursuant to Rule 59(e). Accordingly, Miletak's motion for reconsideration is

denied.

IV. **Conclusion**

For the foregoing reasons, Miletak's motions are denied.

**IT IS SO ORDERED.**

Dated: September 2, 2025

_____
P. Casey Pitts
United States District Judge